THE UNITED STATES, APPELLANTS v. MOSES E. LEVI.

The case was submitted to the court by Mr Call, for the United States; and by Mr White, for the appellee.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

Moses E. Levi presented his petition to the superior court for the district of East Florida, praying that his claim to sixty-five thousand acres of land might be declared valid, and confirmed to him, according to several different grants and surveys under which he derived title. He is not himself a grantee of any one of the tracts, but is a purchaser from various persons.

The first claim stated in his petition, is to twenty thousand acres of land, derived from Philip R. Younge.

On the 22d of February 1817, governor Coppinger granted, in full title, to Philip R. Younge, for services, " twenty-five thousand acres of land, south of the place known by the name of Spring Garden, in this form: twelve thousand acres of them, adjoining the lake or pond called Second, and known by the name of Valdes, and the remaining thirteen thousand acres on the pond farther above the preceding, known by the name of Long Pond, the whole west of the river St John's."

This survey was made on the 2d of August 1819, under an order granted by the governor, of the 25th of May of the same year.

The certificate and plat of the surveyor, show that the twelve thousand acre tract lies on the lake called Second, but omits to state that it was also known by the name of Valdes.

The thirteen thousand acre tract is stated to be on the long lake, called in the grant, Long Pond.

The fair presumption, under all circumstances, no objection

to identity having been made in the superior court for the district, is, that the places are the same.

The surveyor has returned another plat, describing eight thousand acres, part of the thirteen thousand acre tract, which, with the twelve thousand acre tract, were sold to the petitioner by William Travers, who purchased the same from the grantee.

The second claim stated in the petition, is to ten thousand four hundred acres of land, part of a larger tract of fifteen thousand acres, for which Antonio Huertas obtained a concession from the governor of East Florida, on the 15th of September 1817. This land was divided into four tracts, one of which, amounting to ten thousand four hundred acres, was sold and conveyed by Huertas to the petitioner.

The concession grants the land as asked in the petition. The prayer of the petition is for a grant of fifteen thousand acres of land, on a stream which runs from the west and unites itself with the river St John, at about twelve miles south of lake George, the survey being to commence at four or five miles west of the river St John, and the said stream dividing the said tract in two parts." The full title was issued on the 10th day of April 1821, and the survey was made on the 5th day of the same month. It conforms to the concession, except that it does not state the distance from the St John, at which the survey commenced. This tract was confirmed to Antonio Huertas, as well as to Moses E. Levi; but the conveyance to Levi appears in the proceedings, and is admitted by the counsel for Huertas and for Levi.

The third claim stated in the petition, is to two other tracts of land, comprising together seven thousand four hundred acres, part of a tract of ten thousand acres, originally conceded in absolute property to Pedro Miranda, on the 10th day of September 1817, by the governor of East Florida. These seven thousand four hundred acres of land have come, by regular conveyances, from Miranda to the petitioner.

The concession grants the land described in the petition. It lies on a stream running from the west, and entering the river St John, and called in English the Big Spring, about twenty-five miles south of St George's lake, one of the fronts

of the said tract to be on St John's river, and to be divided in two parts by the stream aforesaid.

The survey was made on the 5th of April 1821, and conforms, in all respects, to the concession.

The fourth claim stated in the petition is to two other tracts of land, comprising together eight thousand acres, being part of a larger parcel, containing ten thousand acres, granted in absolute property to Fernando de la Maza Arredondo, on the 20th of March 1817, the title to which eight thousand acres the petitioner derives from the grantee.

The land contained in the concession, is described in the petition as lying, "five thousand of them, in a hammock to be found five or six miles east of Spring Garden, and the remaining five thousand west of the river St John, contiguous to a creek called Black Creek, near Fleming's Island, and the pond called Doctor's Lake." Four thousand acres in each of these tracts have been conveyed to the petitioner, and the surveys conform to the concession.

The fifth claim of the petitioner is to twenty thousand acres, part of a tract of twenty-two thousand acres, granted to George J. F. Clarke. The complete title was made by the governor on the 17th of December 1817. The land is described in the grant as lying "in the hammocks, known under the names of Cuscowillo and Chachala, situate west of the place of the river St John's, where there was a store of the house of Panton, Leslie & Co., and about thirty miles from it."

The survey was executed on the 2d of August 1819, in pursuance of an order from the governor, dated the 20th of April of the same year. It conforms to the grant.

The judge of the superior court for the district of East Florida decreed in favour of the validity of all these claims, and confirmed them to the petitioner, to the extent of the several concessions, grants and surveys, under which they were respectively held.

The validity of the several grants depends on the principles which were discussed and decided in the case of the United States v. Clarke, so that the only question remaining undecided respects the conformity of the surveys with the valid title. This conformity exists in every case, unless it be in the tract of ten thousand four hundred acres, derived from Antonio Huertas.

In that concession, the land is required to lie on a stream, which is sufficiently designated, the survey to commence four or five miles from the St John's. The land lies on the stream which is required, but its distance from the St John's is not mentioned. Two decrees of confirmation are entered for this tract. One a separate decree on the 23d, and the other a general decree on the whole claim, on the 26th of May 1832.

This court is of opinion that there is no error in so much of the decrees of the superior court of the district of East Florida as declares the claim of Moses E. Levi to be valid, and in so much of the said decree as confirms to the petitioner the lands conveyed to him contained in the grant to Philip R. Younge on the 22d of February 1817, in the grant to Pedro Miranda on the 10th day of September 1817, in the grant to Fernando de la Maza Arredondo on the 20th of March 1817, and in the grant to George J. F. Clarke on the 17th of December 1817, as described in the said decree; and this court doth affirm the same so far as respects the land claimed by the petitioner in these several grants and concessions.

But this court is of opinion, that there is error in so much of the decree pronounced on the 23d of May 1832, and in so much of the decree pronounced on the 26th of the same month, as confirms the title of the said Moses E. Levi to the land contained in the concession made to Antonio Huertas, according to the boundaries described in the said decrees, and doth so far. reverse the same; and doth farther adjudge and decree, that the said cause be remanded to the superior court for the district of East Florida, with directions to conform, in all things, to this decree: and if it shall appear to that court that the tract of ten thousand four hundred acres has not been surveyed, according to the concession made to Antonio Huertas on the 15th of September 1817, that the same be resurveyed, on the land contained in the said concession, and be decreed and confirmed to the petitioner if the same be now vacant.

This cause came on to be heard on the transcript of the record from the superior court for the eastern district of Florida, and was argued by counsel; on consideration whereof, this court is of opinion that there is no error in so much of the

decrees of the superior court of the district of East Florida, as declares the claim of Moses E. Levi to be valid, and in so much of the said decree as confirms to the petitioner, the lands conveyed to him contained in the grant to Philip R. Younge, on the 22d of February 1817; in the grant to Pedro Miranda on the 10th day of September 1817; in the grant to Fernando de la Maza Arredondo on the 20th of March 1817; and in the grant to George J. F. Clarke on the 17th of December 1817, as described in said decree, and this court doth affirm the same so far as it respects the land claimed by the petitioner in these several grants and concessions.    But this court is of opinion that there is error in so much of the decree pronounced on the 23d of May 1832, and in so much of the decree pronounced on the 26th of the same month, as confirms the title of the said Moses E. Levi to the land contained in the concession made to Antonio Huertas according to the boundaries described in the said decrees, and doth so far reverse the same, and doth further adjudge and decree that this cause be remanded to the superior court for the district of East Florida with directions to conform in all things to this decree, and if it shall appear to that court that the tract of ten thousand four hundred acres has not been surveyed according to the concession made to Antonio Huertas on the 15th of September 1817, that the same be resurveyed on the land contained in the said concession, and be decreed and confirmed to the petitioner if the same be now vacant.